SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for commissions he alleged he earned while employed by defendant as a salesman.
In 1964 plaintiff and defendant entered into a contract providing for compensation to plaintiff on the basis of commissions on sales of advertising contracts made by plaintiff, a portion of such commissions to be paid weekly to plaintiff and the remaining portion to be paid monthly out of collections made by defendant on billings to the customers. When plaintiff left defendant’s employment in March, 1969, defendant was making and would continue to make collections on contracts which had been sold by plaintiff.
Defendant’s position is that in January, 1968, plaintiff along with three other salesmen orally agreed to change the method of compensation whereby the 1964 contract was nullified and instead of the salesmen working on a commission basis they would be paid a guaranteed salary regardless of the amount of advertising sold by them but with the incentive that a 5% commission would be paid to the four in equal shares on the amount that a quota was exceeded by the sales force as a whole.
Plaintiff testified that an oral agreement was made between defendant and the salesmen providing for salaries in lieu of commissions, but he maintained that, 1) the commissions from contracts already sold when the salary system was begun but to be collected by defendant thereafter were to be paid to the salesmen in addition to the salaries, and 2) in January, 1969, another oral agreement was made between defendant and the salesmen which reinstalled the 1964 contract calling for compensation on a strict commission basis.
Plaintiff’s testimony was contradicted by Edmond Brignac, Sr., Edmond Brignac, Jr., and the other three salesmen who were involved in the matter. Their testimony was to the effect that the 1964 agreement was nullified by the oral agreement of 1968, that the commissions which would have been paid after January, 1968, on advertising contracts already sold formed the basis for guaranteed salaries in the future and that no subsequent oral agreement took place in 1969 reinstating the 1964 contract.
The trial judge decided this case on the basis of an assessment of credibility of witnesses and there is no basis for our disturbing his judgment in that respect.
One of plaintiff’s specifications of error is to the effect that the judgment is contrary to equity, fairness and justice, and results in unjust enrichment to defendant. We do not find that the record supports this position. Thé change from the written agreement to the oral agreement in January of 1968 was apparently conceived of and promoted by plaintiff. The essence of the change was that plaintiff and the other salesmen were to receive a guaranteed salary in lieu of commissions on ad *255 vertising contracts already written as well as future contracts. They thus voluntarily accepted the security of regular weekly paychecks and gave up the uncertainty which is necessarily attached to commission work. Defendant’s payroll records show that in 1968 plaintiff earned $18,828.-11 from his guaranteed salary as compared to $18,693.75 in 1967, and that his weekly salary in February of 1969 had been fixed at $366.16 which would have yielded an annual salary of $19,040.32. Under the circumstances, plaintiff was doing at least as well as and indeed a little bit better than he had done under the commission system, indicating that the bargain which he made was not to his complete disadvantage. Even if his experience had not been such under the salary system, plaintiff voluntarily made the bargain, there was no coercion involved whatsoever, and indeed it was his idea in the first instance. Under these circumstances we do not find any merit to his contention that defendant has been unjustly enriched by the judgment of the trial court.
Accordingly, we affirm.
Affirmed.